# Dimm's and King's Appeal.

The administrators of Y., under an order of the Orphans' Court, sold certain real estate of the decedent to B., and to secure the payment of a balance of the purchase-money took his judgment-bond. The bond was conditioned for the payment of a sum representing the widow's dower and also the distributive shares of Y.'s heirs. Some years before the bond was entered, a memorandum or receipt was endorsed thereon in the form of a release, by one of the administrators, but was not signed. Judgment was subsequently entered on the bond, and the receipt was noted upon the continuance-docket, but the full amount of the original obligation, without the receipt, was docketed in the judgment-index. The property was afterwards sold by the assignee of B. for the benefit of creditors. *Held,* that the administrators were not estopped from alleging the truth concerning their judgment by reason of the receipt found upon the original bond, and upon the continuance-docket after the entry of judgment.

May 26th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. STERRETT, J., absent.

Appeal from the Court of Common Pleas of *Juniata county:* Of May Term 1878, No. 199.

[Dimm's and King's Appeal.]

Appeal of David B. Dimm and George King, administrators of Adam Yeager, deceased, from the decree of the court making distribution of a fund in the hands of Louis E. Atkinson, assignee of Joseph Branthoffer, for the benefit of creditors.

The material facts are stated in the opinion of this court.

*Ezra D. Parker* and *Louis E. Atkinson*, for appellants.

*Jeremiah Lyons* and *B. F. Burchfield*, for appellees.

Mr. Justice GORDON delivered the opinion of the court, October 6th 1879.

There is in this case but one exception to the ruling of the court below, and that exception raises the only question which the case presents. Were Dimm and King estopped, from alleging the truth concerning their judgment, by reason of the memorandum, or receipt, found upon the original bond, and upon the continuance docket after the entry of judgment? A statement of the facts is necessary to a proper solution of this question.

In the year 1869, the appellants, as administrators of Adam Yeager, deceased, under an order of the Orphans' Court, sold certain realty belonging to the estate of their decedent, to Joseph Branthoffer, and to secure the payment of a balance of purchase-money they took his judgment-bond. This bond was conditioned for the payment of a sum of money representing the widow's dower, and, also, the distributive shares of three of Yeager's heirs.

On the 3d of May 1871, some years before the bond was entered, Branthoffer made an arrangement with Dimm by which he, Branthoffer, proposed to obtain the releases of the three heirs, and Dimm thereupon endorsed on the bond the following memorandum : " The within bond is all paid but $574.39, which is the dower of Margaret Yeager, which is payable at her death. Interest payable annually on the above. This money is due and payable at the death of Margaret Yeager, to the heirs of Adam Yeager, May 3d 1871."

This was not signed by Dimm for the reason, which he gave at the time, that the releases not having as yet been executed he would not affix his signature to the receipt until they were obtained. Two of these releases Branthoffer afterwards obtained, but failed to procure the third. The non-releasing heir was afterwards paid off by Dimm, and as a cautionary measure, Branthoffer's judgment-note was taken for the amount thus paid. The court held, rightly, that this note was not a satisfaction, *pro tanto*, of the original bond.

In 1875 judgment was entered upon the bond ; the receipt was noted upon the continuance-docket, but the full amount of the original obligation, without the receipt, was docketed in the judgment-index. Thus matters rested until the property was sold by Branthoffer's assignee, and the money arising therefrom was brought into court for distribution.

[Dimm's and King's Appeal.]

The auditor, who was appointed to marshal and distribute these assets, awarded to the Dimm and King judgment the full amount claimed by them; that is to say, the widow's dower and the distributive share of the heir who had not released to Branthoffer; in all some $736.86, with interest and costs. The court reversed this finding of the auditor as to the distributive share, holding that, as to this, the appellants were estopped by their receipt.

We think this ruling was erroneous. We cannot find in the facts of the case a single element necessary to constitute an estoppel. As between the parties themselves the endorsement was not a receipt, nor was it intended so to be, and as Branthoffer never obtained the contemplated release for the third distributive share, he could claim no credit for it; as to him the judgment was good for the amount of the dower and that share; as much so as though the endorsement had never been made. Such being the case, the judgment being valid as to Branthoffer, it must also be valid as to subsequent creditors. As was said in Cover v. Black, 1 Barr 493, the creditor stands on the foot of his debtor, and where the act done does not impair the lien between the original parties, neither does it as to the subsequent judgment-creditor. This would be different had the acts of the original parties misled the subsequent creditor to his injury, or had there been a failure to comply with the Act of Assembly requiring the judgment to be properly marked on the judgment-index. But neither of these things is found in this case. No creditor was induced to trust Branthoffer because of the endorsement, and the judgment was regularly, and to its full amount, carried into the judgment-index. The learned judge says that it is a legal presumption that the subsequent creditors did examine the entire record of the Dimm and King judgment, and were induced, by the endorsement on the bond, to give Branthoffer credit.

This, however, is a mistake, the legal presumption, if any such there is, is to the contrary. Mr. Chief Justice GIBSON, in Reed's Appeal, 1 Harris 476, says: "In the ordinary course of dealing, the creditor looks to the debtor's personal ability, and to nothing else. When he looks to real security he takes a mortgage."

The argument of, and the authorities cited by, the court below, might very well apply to a purchaser or a mortgagee, for the dealing, in such case, being for and on account of the realty alone, an examination of the records might not only be expected but presumed; not so, however, where the credit given is personal. It is for this reason, among others, that it has been held that a judgment-creditor does not come within the meaning of the Recording Acts: Cover v. Black, 1 Barr 493, and Reed's Appeal, supra.

> The decree of the court below is reversed, and it is now ordered that distribution be made according to the auditor's report, and that the appellees pay the costs of this appeal.